LILLIAN FULLERTON, APPELLEE AND CROSS-APPELLANT, V.
   MARGARET FULLERTON, APPELLANT; CLARENCE A.
   WOODS, CROSS-APPELLEE.

FILED JUNE 12, 1912.   No. 16,725.

1. **Trover: JOINT OWNERS.** Two equal joint owners of different articles
   of property may agree upon a division of one of the articles, and
   if that agreement is executed and the division made accordingly
   and the shares so ascertained accepted by the respective parties,
   and one of the parties afterwards converts to his own use the
   share of the other party, he will be liable for its value in an ac-
   tion for conversion, although other articles owned jointly have
   not been partitioned.

2. **Evidence: JOINT TORT-FEASORS: ADMISSIONS.** If two persons
   jointly convert the personal property of another, admissions of
   one as to the facts constituting the conversion are competent
   evidence in an action against both jointly for the value of the
   property so converted, and neither defendant is entitled to an
   instruction to disregard the admissions of the other defendant.

3. **Trial: EVIDENCE: REFUSAL OF INSTRUCTIONS.** In such action, if
   there is sufficient evidence to justify a submission to the jury
   as to the liability of both defendants, a request to instruct gen-
   erally that the jury must not consider the admissions of one
   defendant as evidence against the other is properly refused.

4. ———: ———: **FAILURE TO REQUEST INSTRUCTIONS.** In such ac-
   tion, the fact that the jury found that one of the defendants is
   not liable for the conversion will not require setting aside the
   verdict against the other defendant because the admissions of
   the defendant so found not liable were allowed in evidence, there
   having been no request for a proper instruction in that regard.

APPEAL from the district court for Lancaster county:
LINCOLN FROST, JUDGE. *Affirmed.*

*O. B. Polk,* for appellant.

*George A. Adams, contra.*

SEDGWICK, J.

In 1906 the plaintiff and the defendant Margaret Ful-

lerton together owned a section of land in Webster county. Part of this land was under cultivation, and during the season of 1907 it was cultivated on shares by different parties, and a part of the rent consisted of several hundred bushels of wheat. The plaintiff contended that this wheat was divided between the parties by mutual agreement, and that afterwards these defendants converted to their own use a part of the plaintiff's share of the wheat, amounting to something over $100. She brought this action in justice court to recover the value of the wheat so converted. Afterwards the cause was appealed to the district court for Lancaster county, and upon trial there the plaintiff recovered a verdict and judgment, substantially as claimed by her, against the defendant Margaret Fullerton. The jury found in favor of the defendant Woods. The defendant Margaret Fullerton afterwards appealed, and there is a cross-appeal by the plaintiff from the judgment in favor of the defendant Woods.

The defense of Margaret Fullerton was that she and the plaintiff were joint owners of the land and of the crops, and that there had never been any settlement between them, and that the justice had no jurisdiction because such accounts could not be settled in a court of law, and therefore the district court obtained no jurisdiction upon appeal. If the wheat was divided by agreement between the parties and after the division the defendants converted the plaintiff's wheat, the fact that other crops had not been divided and that there were other unsettled accounts between the parties would not deprive the justice of jurisdiction for conversion of the wheat. The case was tried in the district court upon this theory, and the court with proper instructions submitted the question to the jury as to whether there had been a division of the wheat between the parties agreed upon and accomplished, and instructed the jury that unless there had been such division they must find for the defendant.

It appears from the evidence that the defendant Woods

cultivated a part of the land, but took no part in the conversion of the wheat, unless it was in hauling it to the elevator, and there is sufficient evidence from which the jury might find that both parties consented, and directed him to haul the wheat to the elevator and deposit it there. Upon this evidence the verdict in his favor is supported.

The evidence tends to show that it had been the custom between the parties to allow the tenant who lived upon the land to divide the rent in equal parts, and that the defendant divided this wheat pursuant to that custom with the knowledge and consent of both parties. There is also evidence from which it might be found that after this division Mr. Fullerton, who acted for his wife, the defendant Margaret Fullerton, concluded to retain the plaintiff's wheat until there had been a complete adjustment of their accounts, and he afterwards sold the wheat and received the money for it. The case is not clear and satisfactory, but the issue was fairly presented to the jury, and the judgment is not so clearly unsupported as to require us to reverse it for that reason.

There was considerable evidence as to statements made by the defendant Woods, and also letters written by him, or at his dictation, were received in evidence. It is contended that since the jury found that the defendant Woods was not connected with the conversion, and was therefore not a proper defendant, this evidence of his statements was incompetent and erroneously received. It seems that the defendant Woods was trying to preserve a disinterested position in the matter, and received no benefit from the conversion, but it is not clear that the plaintiff was not justifiable in joining him as defendant, and this objection that is now insisted upon was not suggested when the evidence was offered, and there was no attempt afterwards to strike out his admissions. We cannot find that the court has committed any reversible error in this regard.

The defendant Margaret Fullerton requested the court to instruct the jury that the admissions of the defendant

Woods should not be considered as evidence against her. There was sufficient evidence against Woods to justify the submission of the case as to both defendants, and there was no request for an instruction that, in the event they found that Woods was not connected with the conversion of the property, and therefore not liable, they should disregard evidence as to statements he had made when not under oath. The request therefore was properly refused.

Other instructions given by the court were objected to, but these objections we think are sufficiently answered in what is said upon the principal defense.

The judgment of the district court is

AFFIRMED.